### Dewey Ball v. The State.

No. 8589. Decided May 28, 1924.

Rehearing denied June 25, 1924.

1.—Assault with Prohibited Weapon—Sufficiency of the Evidence—Practice on Appeal.

Where, upon trial of assault with a prohibited weapon, the indictment is sufficient and the conviction is regular, the judgment must be affirmed in the absence of a statement of facts.

2.—Same—Rehearing—Certiorari—Statement of Facts.

Where the facts averred in the application for certiorari would not warrant the consideration of the statement of facts, the same must be denied; however, if the facts are considered there being no justifying or mitigating circumstances, but a plea of guilty, and the lowest penalty assessed, there is no reversible error.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of assault with a prohibited weapon; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*W. C. Wofford,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—Charged by indictment with the offense of assault with a prohibited weapon, appellant entered a plea of guilty, and the jury assessed his punishment at confinement in the penitentiary for a period of one year.

The record is accompanied by no statement of facts; nor is there complaint by bill of exceptions or otherwise of any ruling of the trial court, or fault in the trial of the case. The indictment is not attacked, nor have we observed in it any vice. So far as we are able t· discern from the record, the conviction is regular, and this court has no choice but to enter a judgment of affirmance. Such is the order.

*Affirmed.*

ON REHEARING AND APPLICATION FOR CERTIORARI.

June 25, 1924.

MORROW, PRESIDING JUDGE.—A verdict of guilty and judgment of conviction was entered against the appellant at a term of court terminating on the 2nd day of February, 1924. The transcript was filed in this court on March 6, 1924, and after submission, a judgment of affirmance was entered on the 28th of May, 1924.

In a motion for rehearing, filed on the 12th day of the current month, appellant, for the first time, seeks to have brought before this court the statement of facts. In its reply to the motion, the State attaches a statement of facts filed in the District Court on the 12th day of May, 1924, signed by State's counsel but by no counsel for the appellant, and approved on the 12th day of May, 1924.

In the motion for certiorari it is asserted that within the thirty days after adjournment granted within which to prepare and file the statement of facts and bills of exception, a statement of facts was prepared and delivered to the attorney for the appellant named in the motion; that the attorney mentioned became sick, underwent an operation and remained in the sanitarium until after the expiration of the thirty days allowed within which to file the statement of facts; and from the time he received it until after said time expired said attorney was too ill to give the matter attention. In the opposition to the motion, the statement is made that there were five attorneys appearing for the appellant, and the record reveals that the motion for new trial was signed by one firm and three individual attorneys.

We have examined the statement of facts attached to the opposition made and observe from it that witnesses testified that the appellant and others made an assault upon the injured party as charged in the indictment; that in the assault pistols were used, one of which was in the hands of the appellant. No testimony was offered in his behalf as revealed by the statement, nor does he, in connection with the motion, attach any bills of exception, either in form or substance.

The facts averred in the application for certiorari would not warrant the consideration of the statement of facts, but even if considered, it points to no fact either denying, justifying or mitigating the offense. There was a plea of guilty; the lowest penalty was as-

sessed. No complaint was made of any ruling of the trial court in receiving the testimony or in instructing the jury. No fact is set up in the motion for new trial.

We have no choice but to overrule the motion for certiorari and the motion for rehearing.

*Overruled.*